THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM BRIGGS, PAULA BRIGGS, his wife, JOSHUA BRIGGS, and SARAH BRIGGS, | : <br> : <br> : <br> : |
| Plaintiffs, | : 3:21-CV-520 <br> : (JUDGE MARIANI) |
| v. | : <br> : |
| SOUTHWESTERN ENERGY PRODUCTION COMPANY, a/k/a SWN PRODUCTION COMPANY, LLC, | : <br> : <br> : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiffs Adam Briggs, Paula Briggs, Joshua Briggs, and Sarah Briggs ("Plaintiffs") brought this action against Defendant SWN Production Company, LLC ("SWN") alleging that SWN is trespassing by extracting natural gas from a portion of Plaintiffs' land. (Doc. 21).

Presently before the Court is a discovery dispute between SWN and Plaintiffs, (Doc. 39), which the Court construes as a motion to compel discovery. In essence, Defendant requests that the Court direct Plaintiffs to properly respond to certain of their discovery requests. *Id.* Upon review of the parties' filing and applicable rules, the Court will deny Defendant's motion to compel.

## II. BACKGROUND

On August 24, 2023, Plaintiffs filed their Amended Complaint, which Defendant moved to dismiss. (Doc. 22). On January 3, 2024, this Court filed its Memorandum Opinion denying Defendant's second motion to dismiss and finding that "Plaintiffs' Amended Complaint (Doc. 21) alleging a continuing trespass and conversion is not barred by claim preclusion for acts alleged to have taken place after December 8, 2020." (Doc. 26. at 24).[1]

On August 15, 2024, SWN filed a letter to the Court, which the Court construes as a motion to compel, alleging that Plaintiffs have refused to comply with an interrogatory and three requests for production and arguing that Plaintiffs' objections to the discovery requests should be overruled. (Doc. 39). On August 16, 2024, the Court issued an Order directing the Plaintiffs to respond to SWN's August 15, 2024, letter. (Doc. 40). On August 22, 2024, Plaintiffs filed a response arguing that SWN's discovery requests are irrelevant to the current action or are otherwise improper.

On August 23, 2024, the Court issued an Order directing SWN to respond to four questions relating to their discovery requests. (Doc. 42). On August 30, 2024, SWN filed its Memorandum of Law, (Doc. 43), and on September 6, 2024, Plaintiffs filed their reply brief, (Doc. 44). This motion is now ripe for disposition.

---

[1] For a more detailed factual background and procedural history, see (Doc. 26 at 2-5).

## III. LEGAL STANDARD

A party alleging it has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought. *See* Fed. R. Civ. P. 37(a). "The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." *Osagie v. Borough of State Coll.*, 586 F. Supp. 3d 314, 321 (M.D. Pa. 2022) (quoting *Miller v. McGinley*, 2022 WL 212709, at *2 (M.D. Pa. Jan. 24, 2022)).

"Federal courts have broad discretion to determine the scope of discovery and to manage the discovery process." *Schiavone v. Luzerne Cnty.*, 343 F.R.D. 34, 37 (M.D. Pa. 2023) (citing *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987)). "Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment." *Palmer v. York Cnty.*, 2022 WL 4473595, at * 1 (M.D. Pa. Sept. 26, 2022).

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope of discovery. It provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

3

benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"To determine the scope of discoverable information under Rule 26(b)(1), the Court looks initially to the pleadings." *Fassett v. Sears Holdings Corp.*, 319 F.R.D. 143, 149 (M.D. Pa. 2017).

Furthermore, " [o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by a local rule if it determines that:  (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

## IV. ANALYSIS

In its Motion, SWN asks the Court to compel Plaintiffs to respond to four discovery requests: (1) Second Interrogatory No. 5; (2) Second Request for Production No. 1; (3) Second Request for Production No. 2; and (4) Second Request for Production No. 4. (Doc. 39 at 2).

SWN requests that the Court compel discovery as it relates to SWN's requests for documents and information pertaining to Plaintiffs' alleged relationship with Cabot Oil & Gas Corporation and Coterra Energy ("Cabot"). (Doc. 39 at 2).  Specifically, SWN made four requests in this regard:

- **Second Interrogatory No. 5**: *Separately state the volume of natural gas sold each year from [the D. Pritchard Unit No. 2 well] for each year from 2013 through the present.*

- **Second Request for Production No. 1**: *Copies of any and all records, including but not limited to monthly payments and/or deposit statements, demonstrating that the Plaintiffs received royalty payments from either Cabot Oil & Gas Corporation and/or Coterra Energy, Inc. from the production and sale of natural gas from any portion of the [Property] at any time from January 1, 2013 though the present.*

- **Second Request for Production No. 2**: *Copies of any and all leases or other contractual agreements that provide for the payment of royalties by either Cabot Oil & Gas Corporation and/or Coterra Energy, Inc. to the Plaintiffs for the extraction of natural gas from the [Property].*

- **Second Request for Production No. 4**: *Documents demonstrating the Plaintiffs have received any royalties with respect to the D. Pritchard Unit No. 2 well.*

*Id.*

In essence, SWN contends that the interrogatory and requests for production are appropriate because they are "relevant to SWN's defense of Plaintiffs' damage claims." *Id.* The Court disagrees.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, SWN incorrectly contends that information surrounding Plaintiffs' dealings with Cabot, whether it be the volume of natural gas sold, royalty payments, or contractual agreements, are relevant to its defense of Plaintiffs' damages claims. (Doc. 39 at 12).

5

More specifically, SWN provides a vague and unclear explanation as to how exactly the requested discovery is "relevant ... to a particular claim or defense." *Miller,* 2022 WL 212709, at *2 (quoting *Naranjo,* 2021 WL 4226062, at *3). In its letter to the Court, SWN states that it "asserts that discovery of: (a) the volumes of gas extracted by Cabot's D. Pritchard Unit No. 2 well; and (b) the royalties Cabot paid to the Plaintiffs for that gas is relevant to SWN's defense of Plaintiffs' damages claims." (Doc. 39 at 2). Additionally, in its Memorandum of Law, SWN contends that Cabot is also extracting natural gas under the 11.07-acre portion of land and that:

> Although Plaintiffs decided to only sue SWN and not bring suit against Cabot, SWN believes that Cabot's extraction of undisclosed volumes of gas from beneath the Property since 2013 may be relevant with respect to: (a) what volumes of natural gas were under the artificial 11.07-acre sub-portion versus the entire 70-acre Property; and (b) whether Cabot's extraction of gas by the D. Pritchard Unit No. 2 well impacted the alleged volumes of gas that Plaintiffs may try to claim for damages under the artificial 11.07-acre portion.

(Doc. 43 at 5.)

The Court interprets SWN's requests as being, in its own words, "for purposes of its ***potential*** defense to Plaintiffs' damage claim." *Id.* at 6 (emphasis added). In essence, SWN appears to argue that what Cabot took from the 11.07-acre portion of Plaintiffs' land could be relevant as a mechanism of offsetting damages stemming from what SWN took from that same portion of land. Again, the Court disagrees.

In this case, Plaintiffs are suing SWN for trespass and conversion by alleging that SWN intruded onto a portion of Plaintiffs' land and is unlawfully extracting natural gas from

6

that land. (*See* Doc. 21). As such, Plaintiffs will have the burden at trial of demonstrating by a preponderance of the evidence both that there was a continuing trespass onto their land and the amount of damages that are owed (i.e. the value of the amount of natural gas wrongfully extracted from their land by SWN).

Once Plaintiffs meet this burden, any information pertaining to Plaintiffs alleged dealings with Cabot, or any other non-party, would be irrelevant as to damages Plaintiffs' claims it sustained by SWN. Indeed, it is of no moment how much natural gas Cabot has extracted, what royalty payments Plaintiffs received, or what contractual agreements Plaintiffs may have had with Cabot; for the purposes of damages, all that matters is how much natural gas *Defendant SWN* has extracted from the relevant portion of Plaintiffs' land after December 8, 2020.[2]

SWN fails to articulate how Cabot's dealings with Plaintiffs may be relevant to this action and has failed to demonstrate that the disputed requests are reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Court will deny Defendant's motion to compel concerning the four discovery requests at issue because Defendant has

---

[2] Defendant's Second Request for Production No. 4 seeks "Documents demonstrating the Plaintiffs have received any royalties with respect to the D. Pritchard Unit No. 2 well." Moreoever, Defendant has stated that "[i]f Plaintiffs will confirm that Cabot's D. Pritchard Unit No. 2 well is the only well that extracts gas from their Property, SWN will concede the Second Request for Production No. 4 is duplicative." (Doc. 43 at 7-8). In their reply, Plaintiffs "hereby confirm that Cabot's D. Pritchard Unit No. 2 well is the only well that extracts gas from their Property (other than that being extracted by SWN...")" (Doc. 44 at 4). In any event, the Court has already found that the four discovery requests at issue are irrelevant to any claims or defenses at issue in this matter.

failed to satisfy its burden to demonstrate that the requested discovery is relevant to a claim or defense at issue in this case. See Fed. R. Civ. P. 26(b)(2)(C)(iii) ("the court **must** limit the frequency or extent of discovery otherwise allowed ... if it determines that: . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1).") (emphasis added); see also Gallas v. Supreme Court of Pa., 211 F.3d 760, 778 (3d Cir. 2000) (noting that a district court's ruling on discovery should be disturbed only if "the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible.").

In essence, SWN argues that because it is undisputed that it completed all fracking activity between June 2-9 of 2013, Plaintiffs' Amended Complaint opened the door to discovery dating back to that time by "proceeding on the claim that SWN allegedly injected fracking 'fluid and proppants' into their property between June 2-9, 2013." (Doc. 43 at 3).

This argument misconstrues the holding of the Court's Memorandum Opinion filed on January 3, 2024. (Doc. 26). That Opinion was filed in response to Defendant's motion to dismiss, (Doc. 22), that contended that the Amended Complaint was barred by claim preclusion for failing to allege acts that had occurred after December 8, 2020. In the Memorandum Opinion denying SWN's motion to dismiss, this Court explained how SWN's alleged continued extraction of natural gas from the property after December 8, 2020, amounts to a continuing trespass:

> In their Amended Complaint, Plaintiffs now distinguish between the activity that took place before and since December 9, 2020. (See Amend.

> Compl. ¶¶ 11, 13, 14, 15, 16, 18, 19.) Plaintiffs specify in their Amended Complaint that "[a]t all times since December 9, 2020, through the process known as hydraulic fracturing (fracking), SWN has been and continues to extract natural gas from the Marcellus Shale formation located under the Plaintiffs' land through the bore holes of said gas wells, including 'Folger 5H[,]' which is located within the above named Folger unit." (*Id.* at ¶ 11.) Plaintiffs additionally specify that "Plaintiffs make demand for judgment in their favor in an amount equal to the value of all the natural gas extracted by SWN from under the land of the Plaintiffs from December 9, 2020, to the date of judgment in this case." (*Id.* at 7.) The Court finds that these allegations in Plaintiffs' Amended Complaint allege a new issue and activity from those alleged before and during the pendency of *Briggs I*—the extraction of natural gas from Plaintiffs' land *after* December 8, 2020—to survive Defendant's Motion to Dismiss.
>
> Because the Court has determined, *supra*, that Plaintiffs sufficiently allege a continuing trespass, they continue to be alleged victims of intrusive conduct that results in natural gas being extracted from their land. *Haefele*, 160 A.2d at 714. Therefore, Plaintiffs' Amended Complaint (Doc. 21) alleging a continuing trespass and conversion is not barred by claim preclusion for acts alleged to have taken place after December 8, 2020.

(Doc. 26 at 23-24).

The Court has therefore clearly explained that it was not the alleged initial injection of proppants into Plaintiffs' land in 2013 that forms the basis of Plaintiffs' continuing trespass claim, but rather the *use of those proppants for the continued extraction* of natural gas from the land that encapsulates Plaintiffs' claims of continuing trespass and conversion after December 8, 2020. (Doc. 26 at 11-21). Moreover, as Plaintiffs note, (Doc. 41 at 1-2), "plaintiffs assert **only** that SWN's 'Folger 5H Well' has and is extracting natural gas from beneath the 11.07 acre portion" at issue in this dispute. (emphasis in original). And the Defendant fails to identify any concrete defense that would require the production of the

9

disputed documents and information, other than referencing a vague and unclear "***potential defense***" to Plaintiffs' claim for damages.³ (Doc. 43 at 6) (emphasis added).

## V. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's motion to compel in its entirety. An appropriate order will follow.

Robert D. Mariani
United States District Judge

---

³ Even if the Court were to assume, *arguendo*, that Defendant's discovery requests were relevant, which they are not, those requests would still fail Rule 26(b)(1)'s proportionality requirement and therefore Defendant's motion to compel would still be denied. *See Fraternal Order of Police Penn. Lodge v. Twp. of Springfield*, 668 F. Supp. 3d 375, 398 (E.D. Pa. 2023) (holding that discovery requests were not proportional to the needs of the case, when the documents at issue "are of virtually no relevance in this case").

Specifically, the Court finds the four discovery requests in dispute "are not proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the parties' resources [and] ***the importance of the discovery in resolving the issues***." Fed. R. Civ. P. 26(b)(1) (emphasis added). Defendant does not argue otherwise and fails to discuss Rule 26(b)(1)'s proportionality requirement at all in its Motion. (Docs. 39, 43).

Moreover, Defendant's requests are overly broad and unduly burdensome in both scope and time. SWN is requesting "any and all" documents and information dating back to well over a decade ago that the court has already found to be irrelevant to any parties claims or defenses raised in the pleadings. *See Freitas v. Geisinger Health Plan*, 641 F. Supp. 3d 101, 110 (M.D. Pa. 2022) ("Courts will specifically not permit discovery requests which are ... unduly burdensome [or]... irrelevant to the general subject matter of the action."); see also *Schiavone*, 343 F.R.D. at 41 (noting that the "discovery request appears to be overly broad in its request of documents over a ten-year time period...").