THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM BRIGGS, PAULA BRIGGS, his wife, JOSHUA BRIGGS, and SARAH BRIGGS, | :<br>:<br>:<br>: |
| Plaintiffs, | : 3:21-CV-520<br>: (JUDGE MARIANI) |
| v. | : |
| SOUTHWESTERN ENERGY PRODUCTION COMPANY, a/k/a SWN PRODUCTION COMPANY, LLC, | :<br>:<br>: |
| Defendant. | : |

## MEMORANDUM OPINION

Presently before the Court is a motion for reconsideration filed by the Plaintiffs Adam Briggs, Paula Briggs, Joshua Briggs, and Sarah Briggs. (Doc. 74). In that motion, Plaintiffs ask the Court to reconsider its Memorandum Opinion & Order granting summary judgment to Defendant Southwestern Energy Production Company ("SWN") on Plaintiffs' trespass and conversion claims. (Docs. 69-71). The Court held oral argument on Plaintiffs' motion on June 2, 2025.[1] For the reasons that follow, Plaintiffs' motion will be denied.

"Motions for reconsideration should be granted sparingly as federal courts have a strong interest in the finality of judgments." *MMG Ins. Co. v. Guiro, Inc.*, 432 F. Supp. 3d. 471, 474 (M.D. Pa. 2020). "A court should grant a motion for reconsideration if the party

---

[1] The Court will refer to the unofficial oral argument transcript as the "Hr'g Tr." The Court notes there are typographical errors on page 34 of the transcript, and that the word "amendment" should be replaced with the correct word "habendum."

seeking reconsideration shows '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "A motion for reconsideration is not a proper vehicle to attempt to convince the court to rethink a decision it has already made." *Kropa v. Cabot Oil & Gas Corp.*, 716 F. Supp. 2d. 375, 378 (M.D. Pa. 2010).

In their motion and brief in support, Plaintiffs do not identify the basis upon which they seek reconsideration. Plaintiff do not assert there has been an intervening change in the controlling law. Nor do Plaintiffs assert that any new evidence is available that was not available when the Court granted SWN's motion for summary judgment. The Court is unaware of an intervening change in controlling law or the availability of new evidence that was not previously available. Thus, the only apparent basis for Plaintiffs motion for reconsideration is the need to correct a clear error of fact or law or the prevent manifest injustice. As discussed below, Plaintiffs cannot meet their burden and reconsideration is not warranted.

<u>First</u>, Plaintiffs argue that the Court erred by concluding that the Expert Report of Wes Casto failed to raise a genuine dispute of material fact as to Plaintiffs trespass and conversion claims. At oral argument and in their brief, Plaintiffs recognize that—because

2

the Casto Report is unsworn—the Court did not have to consider it on summary judgment. Hr'g Tr. at 15:6-9 ("Your Honor, I will have to admit that because the expert report was not sworn, that you did not have to review it and accept it, and I certainly appreciate the fact that you did."). Although the Court did not have to consider the Casto Report on summary judgment because it was unsworn, it nevertheless considered the report. Nothing in Plaintiffs' brief nor anything raised at oral argument convinces the Court that there was clear error of fact or law warranting reconsideration. Nor was there any manifest injustice to Plaintiffs. As the Court previously found, the Casto Report is speculative and conclusory— and Plaintiffs do not claim otherwise in their brief in support of their motion for reconsideration. And, as the Court found, the Casto Report is without factual and foundational support. The Court will not grant reconsideration on the issue of the Casto Report.[2]

Second, Plaintiffs claim the Court erred by concluding that, even if Plaintiffs raised a genuine dispute of material fact as to their trespass and conversion claims (which they did not), their claims at best amounted to a permanent (as opposed to continuing) trespass and,

---

[2] Prior to the deadline for filing dispositive motions, Plaintiffs filed a motion, which the Court granted, that allowed Plaintiffs to submit expert reports in this case 45 days after SWN's summary judgment motion had been decided. Hr'g Tr. at 13:15-14:24. It was Plaintiffs, not the Court, who expressly contemplated that the Court rule on SWN's summary judgment motion before Plaintiffs had any obligation to submit their expert report. Moreover, it is worth noting that throughout the course of this litigation, Plaintiffs did not take a single deposition of SWN or any person at SWN to support their claims. Hr'g Tr. at 30:2-7 ("[T]his case has, in some form or fashion, in various courts been around since 2016. Mr. Kelly not once in any of those years took a single deposition of Southwest, or SWN to make it easy, to elicit the testimony he claims.").

accordingly, were time-barred. At oral argument, counsel for Plaintiffs stated the Court erred in finding a permanent trespass because, "when you boil it down, the difference between a continuing trespass and a permanent trespass is the availability of recovery of complete damages in a single lawsuit." Hr'g Tr. at 8:20-23. Throughout this litigation Plaintiffs have proceeded on the theory that it is SWN's alleged placement of proppants in June of 2013 that amounted to a continuing trespass. (Doc. 21 at ¶¶ 12.6-12.11); (Doc. 24 at 8); (Doc. 75 at 1-2) ("Plaintiffs readily recognize that their entire case depends upon presenting sufficient evidence that Defendant's fracking activities injected proppants under the land and that the[y] remain there today and forever. It is only the presence of such proppants that allow natural gas to flow from their land into the wellbore of Folger 5H.").

Yet, at oral argument, Plaintiffs' counsel represented that "[i]t's not the placement of the proppants that's at issue here. It's the removal of natural gas." Hr'g Tr. at 12:23-25. The Court then noted to counsel "the only trespass you advanced to me is the proppants being forever in the land, in the subsurface of that 11.07 acres, am I correct?" Hr'g Tr. at 13:1-3. Plaintiffs' counsel acknowledged that "that is correct." Hr'g Tr. at 13:4. Nothing in Plaintiffs brief nor anything raised at oral argument convinces the Court that there was clear error of fact or law warranting reconsideration.[3] Nor was there any manifest injustice to

---

[3]     At oral argument and in their brief in support of their motion for reconsideration, Plaintiffs took issue with the Court's reliance on several trespass cases they claim are inapposite because they are "contamination cases." Hr'g Tr. at 10:12-11:7; (Doc. 75 at 9-12). At oral argument counsel for Plaintiffs conceded that the cases relied on by the Court in granting summary judgment to SWN were, in fact, trespass cases. Hr'g Tr. at 11:2-3.

Plaintiffs. The Court will not grant reconsideration on this issue because even if there was a trespass (which Plaintiffs failed to prove), it would amount to a permanent trespass and, accordingly, is time-barred.[4] See Doc. 69 at 53 ("Thus, to the extent that Plaintiffs could not establish a continuing trespass or conversion, as they could not, their claims are accordingly barred by res judicata/claim preclusion as well as the statute of limitations, as set forth in this Court's August 16, 2023 Order and Memorandum Opinion.").

Third, Plaintiffs claim the Court erred because SWN's statements in a series of letters from 2015 amounted to a repudiation of the Lease and, accordingly, the repudiation resulted in the termination of the Lease and thus SWN was both trespassing upon Plaintiffs' land and converting Plaintiffs' natural gas. Specifically, Plaintiffs direct the Court to a June 5, 2015, letter from SWN's in-house counsel to Plaintiffs attorney. (Hr'g Tr. at 3:19-4:2); (Doc. 54-1 at 13-14). The letter which Plaintiffs refer to states the following:

> Dear Larry:
>
> As noted in my letter of April 22, 2015, SWN Production Company, LLC ("SEPCO") was in the process of surveying your client's 11.07-acre tract, which was covered by the Lease (with SEPCO as lessee), for inclusion in the Innes South Gas Unit ("Unit"). However, during the course of examining title on this tract in conjunction with the survey, SEPCO has determined, as explained below, that the Lease has expired as to the 11.07-acre tract. Therefore, SEPCO will not include the tract in the Unit.
>
> As you are aware, SEPCO, as successor in interest to Elexco, assigned the entire Lease to Cabot Oil & Gas Corporation ("Cabot") on December 15, 2010, which assignment was recorded at Instrument No. 201101650 in the public records of

---

[4] Plaintiffs' counsel conceded at oral argument that, at the time of the fracking at issue, any entry by SWN was privileged. Hr'g Tr. at 20:3-12 ("It was privileged at the time, Your Honor, no question"). When the Court noted that "the actions [SWN] took occurred when the lease was in effect," Plaintiffs' counsel acknowledged, "[t]hat's correct, and if they had not repudiated, I would not be here." Hr'g Tr. at 20:23-21:6.

5

Susquehanna County, Pennsylvania. On November 15, 2012, Cabot made partial assignment of the Lease to SEPCO as to the above referenced 11.07-acre tract, which partial assignment was recorded at Instrument Number 201214573. Cabot retained the Lease as to the remaining 62.96 acres covered thereby.

Thereafter, Horn and Cabot entered into an Amendment and Ratification of Oil and Gas Lease dated effective July 17, 2013 ("Amendment"), and recorded at Instrument No. 201400650, which, among other things, extended the five-year primary term for an additional year, such that the new six-year primary term would end July 18, 2014. This Amendment was limited to the Lease as it covered the 62.96 acres held by Cabot, and because that part of the Lease covering the 11.07-acre tract had been assigned to SEPCO before the Amendment, the five-year primary term on such 11.07 acres was not likewise extended. Cabot then pooled part of its portion of the Lease into the D. Pritchard Unit No. 2, pursuant to that certain Declaration of Pooling and Unitization dated effective September 26, 2013, and recorded at Instrument No. 201312349. Production from the D. Pritchard Unit No. 2 has maintained the Lease in force as to the acreage held thereunder by Cabot.

As explained above, however, because SEPCO's portion of the Lease as it covered the 11.07-acre trace was not affected by the Amendment, the primary term of the 11.07 acres expired on July 18, 2013. As the effective date of the D. Pritchard Unit No 2 post-dates the expiration of the original five-year primary term for the 11.07-acre tract, production from that unit did not hold such tract and the Lease as to the 11.07 acres expired on July 18, 2013.

For the foregoing reasons, your client's 11.07-acre tract is unleased and SEPCO declines to include it in the Unit or any other unit operated by SEPCO.

Sincerely,

Scott C. Owen.

(Doc. 54-1 at 13-14).

Plaintiffs' counsel asserted at oral argument that the final two paragraphs of the above-referenced letter amount to a "total repudiation of the agreement" and left his "clients with the option of treating the agreement as an end." Hr'g Tr. at 3:23-24. He further

6

asserted that this alleged repudiation "left my clients the option of proceeding on trespass as we have." Hr'g Tr. at 4:1-2. He also asserted that "[t]he repudiation was entirely on the basis of the fact that Southwestern said they are not going to pay royalties because the lease expired on July 18, 2013, and that's further on in the letter, and that is the repudiation." Hr'g Tr. at 5:23-6:2. And he acknowledged at oral argument that, "[i]f [SWN] had not repudiated the lease, if they had not abandoned the lease, I wouldn't have a case. The only reason I have a case is because they repudiated it in the language of that letter, which is, by the way, in the topic of repudiation, there will never be a clearer example of repudiation than as appears in that letter." Hr'g Tr. at 23:18-23.

No reasonable reading of the text of the June 5, 2015, letter to Plaintiffs' counsel allows or permits the conclusion that SWN engaged in any anticipatory repudiation of the Lease. In any event, Plaintiffs brought claims in tort only—not contract. And the case cited by Plaintiffs to support their position that, because SWN repudiated the lease, their trespass and conversions claims survive summary judgment, *2401 Pennsylvania Ave. Corp. v. Fed'n of Jewish Agencies of Greater Philadelphia*, 319 Pa. Super. 228, 466 A.2d 132 (1983), in no way supports Plaintiffs argument. Hr'g Tr. at 6:21-7:1. *2401 Pennsylvania Ave. Corp* is a landlord tenant case concerning a breach of contract cause of action. *See 2401 Pennsylvania Ave. Corp*, 466 A.2d at 134 ("This case involves an action for breach of contract."). It does not support Plaintiffs position whatsoever. Nothing in Plaintiffs brief nor anything raised at oral argument convinces the Court that there was clear error of fact or

law warranting reconsideration. Nor was there any manifest injustice to Plaintiffs. The Court will not grant reconsideration on the alleged repudiation issue.

Finally, Plaintiffs claim the Court erred in concluding, as an additional defense, that Plaintiffs claims were further barred by the Rule of Capture because Plaintiffs failed to prove that SWN physically intruded upon their land. Nothing in Plaintiffs brief nor anything raised at oral argument convinces the Court that there was clear error of fact or law warranting reconsideration. Nor was there any manifest injustice to Plaintiffs. The Court will not grant reconsideration on this issue.

For the foregoing reasons, the Court will deny Plaintiffs' motion for reconsideration in its entirety. A separate Order follows.

                                                Robert D. Mariani
                                                United States District Judge